GAUDIN, Judge,
dissenting.
I respectfully dissent.
Rather than amend and affirm, I would remand to the trial judge for a hearing on the fault issue.
In his reasons for judgment, the trial judge states, in part:
“... the ex-wife rules the ex-husband into court demanding alimony. At trial of the rule the ex-wife did not prove fault on part of the ex-husband nor prove that she was free of fault. CC Art. 160 allows a spouse free of fault to prove the need for alimony and the ability of the other spouse to pay such alimony. However the jurisprudence places the burden of proof on the spouse claiming alimony to prove no fault on his or her part. This burden was not carried by the ex-wife and alimony will be denied.”
This wording has a ring of finality. It suggests that fault was at issue when the motion for permanent alimony was heard and that this issue had been resolved against Mrs. Dorothy Perrilloux.
In fact, the record clearly shows that fault was not at issue. Mrs. Perrilloux did not say in her motion that she was free of fault, nor did she attempt to testify about fault.
Only when Frank Perrilloux was on the witness stand was fault mentioned, reference this colloquy:
Q. (By Ms. Sylvia Taylor, Mr. Perril-loux’s attorney) When did you and your wife separate?
A. Between ’61 and ’62.
Q. Would you tell me the cause of the separation at the time?
A. If you, well, fussing, cooking, was, well, she wasn’t doing her job in the house and sex and everything, mostly every time you put ...
Mrs. Perrilloux’s attorney objected, and the trial judge sustained the objection but allowed Mr. Perrilloux to make a proffer in accord with LSA-C.C.P. art. 1636.
Nonetheless, the judgment and the reasons therefore indicate that the fault issue had been resolved adverse to Mrs. Perril-loux.
I would remand so that the question of fault could be amply presented to the trial court, and a judicial determination fairly made.